# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division

STEPHEN COLLINS and                  *
DENISE COLLINS,                      *
                                     *
        Plaintiffs,                  *
                                     *
    vs.                              *          CV 612-077
                                     *
KING AMERICA FINISHING, INC.,        *
WESTEX HOLDING CO., and              *
MICHAEL ALBERT BEASLEY               *
                                     *
        Defendants.                  *

## ORDER

Presently before the Court is Plaintiffs' Motion to Remand this case to the Superior Court of Bulloch County. See Dkt. No. 19. Upon due consideration, Plaintiffs' Motion to Remand is **GRANTED**.

## I.    INTRODUCTION

This action is predicated on the alleged property damage resulting from Defendants' alleged tortious actions. Specifically, Plaintiffs allege that Defendants released toxic chemicals into the Ogeechee River, harming the river and

1

Plaintiffs' property. Dkt. No. 1-1. Consequently, Plaintiffs assert the following claims against Defendants: Damage to Property, Continuing Nuisance, Trespass, Negligence Per Se, Negligence, Riparian Rights, Punitive Damages, and Attorney's Fees. Id.

Plaintiffs filed this action in the Superior Court of Bulloch County, Georgia. Id. Pursuant to 28 U.S.C. § 1446, Defendants removed the case to this Court. Dkt. No. 1. Defendants assert that Defendant Beasley was fraudulently joined. Id. Defendants further assert that, by ignoring Defendant Beasley, who they contend was fraudulently joined, this Court has subject matter jurisdiction due to complete diversity of citizenship between Plaintiffs and the corporate Defendants. Id.

Plaintiffs filed a motion to remand the case to the Superior Court. Dkt. No. 19. Defendant filed a response to Plaintiffs' motion. Dkt. No. 26. Plaintiffs filed a reply. Dkt. No. 27.

## II. PARTIES

Plaintiffs are Georgia residents. Dkt. No. 1 ¶ 14. Defendant King America Finishing, Inc. ("King America") is a

2

foreign corporation.[1]  Id. at ¶ 16.  Defendant Westex Holding Co. is a foreign corporation.[2]  Id. at ¶¶ 17-18.  Defendant Beasley is a Georgia resident and President of Defendant King America. Id. at ¶¶ 20, 24.

## III. LEGAL STANDARD

An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. 28 U.S.C. § 1441(a).  When a case is removed based on diversity jurisdiction, the case must be remanded to state court if there is not complete diversity between the parties, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806), or one of the defendants is a citizen of the state in which the suit is filed, § 1441(b).  However, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter

---

[1] Defendant King America Finishing, Inc. ("King America") is an Illinois corporation with its principal place of business in Illinois.  Dkt. No. 1 ¶ 16.
[2] Defendants assert that Westex Holding Co. was incorporated as an Illinois corporation in 1993 with its principal place of business in Illinois.  Dkt. No. 1 ¶ 17.  Defendants further assert that in 2002 Westex Holding Co. merged into Westex Acquisitions, LLC, an Illinois corporation with principal place of business in Illinois.  Id. at ¶¶ 17-18.  Both corporations are foreign.

3

back to state court." Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (citing Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006)). In such a case, the plaintiff is said to have "fraudulently joined" the non-diverse defendant. See id.

To establish fraudulent joinder, "the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. (citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)) (bracketed text in original). This burden is a "heavy one." Id. (internal quotation marks omitted).

"To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Id. at 1333 (citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). The court may consider the plaintiff's pleadings as well as affidavits and deposition

4

transcripts submitted by the parties.  Id. at 1333 n.1; Crowe,

113 F.3d at 1538.

In evaluating the factual allegations and resolving

uncertainties in state substantive law, the court applies a

"lax" standard.  See Stillwell, 663 F.3d at 1332-323.  The court

is "not to weigh the merits of a plaintiff's claim beyond

determining whether it is an arguable one under state law."  Id.

at 1333 (citing Crowe, 113 F.3d at 1538).  "If there is even a

possibility that a state court would find that the complaint

states a cause of action against any one of the resident

defendants, the federal court must find that the joinder was

proper and remand the case to the state court."  Id. (citing

Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983),

superseded by statute on other grounds as stated in Georgetown

Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir.

1993)).  In other words, "[t]he plaintiff need not have a

winning case against the allegedly fraudulent defendant; he need

only have a possibility of stating a valid cause of action in

order for the joinder to be legitimate."  Id. (citing Triggs v.

John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)).

This standard differs from the standard applicable to a

12(b)(6) motion to dismiss under the Federal Rules of Civil

5

Procedure.  Id.  To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  In contrast, all that is required to defeat a fraudulent joinder claim is "a possibility of stating a valid cause of action." Stillwell, 663 F.3d at 1333 (citing Triggs, 154 F.3d at 1287).

## IV.  DISCUSSION

Plaintiffs and Defendant Beasley are Georgia residents. Therefore, this Court lacks diversity jurisdiction over the case unless Defendant Beasley was fraudulently joined.  As the removing party, Defendants bear the heavy burden of proving that Defendant Beasley was fraudulently joined.

In their Complaint, Plaintiffs allege the following facts. Defendant Beasley is the President of King America.  Dkt. No. 1-

6

1 at ¶ 4. Defendant Beasley[3] is "in the business of preparing, dyeing, finishing, applying fire retardant, crease prevention materials, and other processing of textiles" in Dover, Georgia. Id. at ¶ 7. He "disposed of treated waste water into the Ogeechee River" pursuant to a state permit "for more than five (5) years." Id. at ¶¶ 8, 10. This release of toxic chemicals "killed significant numbers of aquatic wildlife downstream of [King America's] plant," including areas "in and around the Ogeechee River, along Plaintiffs' properties located downstream of [King America's] plant." Id. at ¶¶ 11-12. Defendant Beasley's release of these toxic chemicals damaged Plaintiffs' property through loss of fish and wildlife, market devaluation, and loss of the use and enjoyment of Plaintiffs' property. Id. at ¶ 13.

Defendants claim that Plaintiffs have not stated a colorable cause of action against Defendant Beasley. Dkt. No. 26. Specifically, Defendants allege that Plaintiffs' Complaint contains "bare-boned, nonspecific allegations" that do not articulate what Defendant Beasley did or did not do to give rise

---

[3] Plaintiffs' Complaint consistently uses the plural form "Defendants." For clarity, this Court refers only to Defendant Beasley, as it is only his joinder that Defendants contest.

AO 72A
(Rev. 8/82)

to personal liability.  Id. at 4-5.  In contrast, Plaintiffs submit that the case should be remanded to state court.  This Court finds that Defendant Beasley was not fraudulently joined.  Therefore, this case must be remanded to state court.

## A. Legal Standard

A claim of fraudulent joinder is defeated by the "possibility" of a valid cause of action.  See supra Part III.  In its analysis, this Court "must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court."  Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1334 (11th Cir. 2011).

Georgia follows a notice pleading standard.[4]  See O.C.G.A. § 9-11-8; Sherman v. Fulton Cnty. Bd. of Assessors, 288 Ga. 88,

------

[4] Georgia has not adopted the heightened pleading requirements imposed on federal plaintiffs in Iqbal and Twombly.  See Sherman v. Fulton Cnty. Bd. of Assessors, 288 Ga. 88, 90 (2010) ("[A] motion to dismiss for failure to state a claim upon which relief can be granted 'should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought . . . .'  If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied." (citations omitted)).

8

90 (2010). Under this standard, "it is immaterial whether a pleading states conclusions or facts as long as fair notice is given, and the statement of claim is short and plain. The true test is whether the pleading gives fair notice . . . ." Stillwell, 663 F.3d at 1334 (citing Carley v. Lewis, 221 Ga. Ct. App. 540, 542 (1996)).

## B. Application

Plaintiffs' Complaint recites allegations sufficient to satisfy Georgia's notice pleading standard. Specifically, the Complaint names Defendant Beasley as one of three defendants. Dkt. No. 1-1 ¶¶ 3-5. The Complaint then alleges that Defendants' actions resulted in, inter alia, damage to and diminution in value of Plaintiffs' property. Dkt. No. 1-1. Plaintiffs allege that this damage resulted from Defendants' intentional and negligent actions. Id. (bringing property damage, nuisance, trespass, negligence per se, negligence, and riparian rights causes of action).

### 1. Specificity of the Complaint

Defendants suggest that Plaintiffs' allegations are insufficient to state a claim upon which relief can possibly be

9

granted. Defendants argue that the Complaint contains "bare-boned, nonspecific allegations." Dkt. No. 26 at 4. However, in assessing the possibility of a valid state court cause of action, the Eleventh Circuit only requires "conclusory allegations or a certain level of factual specificity." Stillwell, 663 F.3d at 1334. Therefore, it is sufficient that Plaintiffs allege that Defendants—including Defendant Beasley—released toxic chemicals that damaged Plaintiffs' property. Each defendant, including Defendant Beasley, is on notice that Plaintiffs bring eight (8) causes of action against it.[5] Dkt. No. 1-1. This is all that Georgia law requires. See In re D.C., 268 Ga. Ct. App. 882, 885 (2004) ("Under notice pleading procedure of the [Georgia] Civil Practice Act, not more than a short and plain statement of the claim giving the defendant reasonable notice thereof is required."); Hawkins v. Rice, 203 Ga. Ct. App. 537, 537 (1992) ("It is not necessary that the complaint be perfect in form or set out all of the issues with particularity, it is necessary only to place the defendant on notice of the claim against him." (citation omitted)).

─────────────────────

[5] Plaintiffs' Complaint lists eight (8) distinct causes of action but mislabels Count VIII as Count VII.

10

Defendants also argue that the Complaint does not articulate what Defendant Beasley did or did not do in his individual capacity to give rise to personal liability. Dkt. No. 26 at 5. Specifically, Defendants note that the Complaint uses the plural term "Defendants" and does not distinguish between the actions of each defendant individually. Id.

Plaintiffs' decision to use the plural "Defendants" is consistent with Georgia's notice pleading requirement. Plaintiffs' Complaint puts each defendant on notice that it must defend against each and every cause of action contained within the Complaint. Defendant Beasley is just as aware that Plaintiffs bring eight (8) causes of action against him as he would be if the Complaint named only Defendant Beasley and used the singular "Defendant." This fair notice is all that is required. Plaintiffs' pleading is sufficient to give each defendant—including Defendant Beasley—notice that there are eight (8) claims against it.

2. Liability of a Corporate Officer

Defendants argue that—because Defendant Beasley is a corporate officer—there is no reasonable basis for predicting

11

that Georgia state law might impose liability against Defendant Beasley individually. See Dkt. No. 26 at 5-7.

In general, "a corporate officer cannot be held to be vicariously liable for such damages as would otherwise be recoverable from his corporate principal." Fields Bros. Gen. Contractors v. Ruecksties, 288 Ga. Ct. App. 674, 677 (2007) (quoting Smith v. Hawks, 182 Ga. Ct. App. 379, 385 (1987)) (footnote omitted). However, a corporate officer is personally liable for the torts in which he takes part, directs, participates, or cooperates. See Cherry v. Ward, 204 Ga. Ct. App. 833, 834 (1992) (permitting liability for construction company president in his individual capacity where president was "personally involved in the construction of [the] home on a daily basis, personally supervised the construction 'from start to finish,' and worked as the 'project foreman' for the job."); Pazur v. Belcher, 290 Ga. Ct. App. 703, 705 (2008) ("[A]n individual is responsible for his own tortious acts."). See also GIW Indus., Inc. v. Jerpeg Contracting Inc., 530 F. Supp. 2d 1323, 1339 (S.D. Ga. 2008) (applying Georgia law at summary judgment stage and permitting individual liability claim against corporate officer where evidence of the officer's personal involvement in the commission of a tort had been presented); id.

12

at 1340 (acknowledging that a corporate officer could not be held personally liable where there was no evidence that the officer directed or took part in the commission of a tort).

Defendants reach back a half century and west across the continent to rely on Lobato v. Pay Less Drug Stores, Inc., 261 F.2d 406 (10th Cir. 1958) in support of their argument that generalized allegations against a corporate officer are insufficient to state a claim upon which relief can be granted. Dkt. No. 26 at 6. In Lobato, corporate officers were joined in a tort action to recover damages from an allegedly defective bicycle. Lobato, 261 F.2d 406. There, the trial court denied the plaintiff's remand motion because the corporate officers (who were the only non-diverse parties) were fraudulently joined. Id. The appellate court upheld the lower court's decision to retain jurisdiction. Id.

Of course, Lobato is a Tenth Circuit decision that applied New Mexico law. This court must look to Georgia law. See Stillwell, 663 F.3d at 1333 ("To determine whether the case should be remanded, the district court must . . . resolve any uncertainties about state substantive law in favor of the plaintiff." (citation omitted)). Second, the Lobato court's three-judge panel produced a fractured opinion. Chief Judge

13

Bratton wrote for himself and delivered the opinion of the court. Critical to Chief Judge Bratton's decision was the fact that <u>uncontradicted</u> affidavits showed that the corporate defendants had nothing to do with the alleged wrong. <u>Lobato</u>, 261 F.2d at 409. Judge Lewis concurred on different grounds. Specifically, he noted that the lower court's decision could not be found clearly erroneous because the record lacked sufficient information for the appellate court to discern the basis for the trial court's decision. <u>Id.</u> Judge Huxman dissented. <u>Id.</u> at 409-10.

Overlooking the incorrect law and fractured nature of this opinion and applying the reasoning of Chief Judge Bratton, remand in this case is still proper. In <u>Lobato</u> uncontradicted evidence showed a lack of activity by corporate officers. Here, however, Plaintiffs provided deposition testimony from Defendant Beasley himself. Dkt. No. 19-4. This testimony opens up the possibility that Defendant Beasley directed installation of flame retardant lines and did not assess whether changes to the chemical process at the plant affected the plant's discharge into the Ogeechee River. <u>See, e.g.</u>, <u>id.</u> at 29, 30, 100.

14

Viewing this testimony in the light most favorable to
Plaintiffs,[6] it is possible for Plaintiffs to prove that
Defendant Beasley's actions could support a finding of
liability. Unlike the filings in Laboto, where no contradictory
evidence was presented, Plaintiffs' filings here provide some
factual possible support for their allegation that Defendant
Beasley took part, participated, or cooperated in the alleged
tortious activities listed in Plaintiffs' Complaint.

Defendants also cite Faison v. Wyeth, Inc., 353 F. Supp. 2d
1273 (S.D. Ga. 2004) for the proposition that "there is no
reasonable basis for predicting that [Georgia] law might impose
liability against [Defendant Beasley] individually." Dkt. No.
26 at 7 (internal quotation marks and citation omitted). In
Faison, the plaintiffs sued a drug manufacturer and its Georgia
sales representatives in Georgia state court. Faison, 353 F.
Supp. 2d 1273. The defendants removed the case to federal court
based on diversity jurisdiction and fraudulent joinder of the
Georgia sales representatives. The district court held that the

---

[6] Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1333 (11th Cir. 2011) ("To
determine whether the case should be remanded, the district court must
evaluate the factual allegations in the light most favorable to the plaintiff
and must resolve any uncertainties about state substantive law in favor of
the plaintiff.").

AO 72A
(Rev. 8/82)

local sales representatives were fraudulently joined and retained jurisdiction. Id. Critical to the court's reasoning was the fact that the plaintiffs sought damages from injuries sustained after ingesting a drug that the Georgia sales representatives never marketed within the state. Id. Consequently, those representatives could not be liable for harm caused by a drug that they did not promote. Id. at 1278. Here, however, there is evidence supporting Plaintiffs' claims. As noted above, Plaintiffs present some evidence of Defendant Beasley's activities in the alleged plant discharge. See Dkt. No. 19-4. As such, there is a reasonable basis to predict that Georgia law might impose liability against Defendant Beasley individually.

Accepting all of Plaintiffs' allegations as true, it is possible that Plaintiffs have one or more viable claims against Defendant Beasley. Under the "lax" standard set forth by the court in Stillwell, that is sufficient to defeat Defendants' fraudulent joinder claim.

## V.  CONCLUSION

Defendants, as the removing party, bore the heavy burden of proving that Defendant Beasley was fraudulently joined.

16

Defendants did not carry their burden. Therefore, this Court lacks subject matter jurisdiction, and this case must be remanded to state court.

Accordingly, Plaintiffs' Motion to Remand is **GRANTED**. The Clerk of Court is instructed to remand this case to the Superior Court of Bullock County, Georgia.

**SO ORDERED,** this 9th day of November, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)